**Robert L. DIONNE, Petitioner,**

v.

**James TIERNEY, Attorney General, State of Maine, and Department of Probation and Parole, State of Maine, Respondents.**

**Civ. No. 87–0148 P.**

United States District Court,
D. Maine.

July 31, 1987.

Robert E. Mullen, Linnell, Choate & Webber, Auburn, Me., for petitioner.

No appearance for respondents.

ORDER

GENE CARTER, District Judge.

On May 21, 1987 Robert L. Dionne filed with this Court a second petition for writ of *habeas corpus* under 28 U.S.C. § 2254. At the time of filing, Petitioner was serving a term of probation under the supervision of the Maine Department of Probation and Parole. In this application, Petitioner sets forth the same four claims for relief that he presented to this Court in his first petition filed on April 4, 1986: (1) the insufficiency of the evidence to sustain a jury verdict of guilty; (2) juror misconduct amounting to extraneous influence on the jury in the course of its deliberations; (3) violation of fourteenth amendment due process rights based upon allegations that the State destroyed evidence; and (4) violation of fourteenth amendment due process rights by the introduction of expert witness opinion testimony having an insufficient foundation.

The Court dismissed Petitioner's first petition under the rule of *Rose v. Lundy,* 455

U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), because his claim of juror misconduct was then pending before the state courts in a post-conviction review proceeding. In the present petition, the Court again questions whether Petitioner's claim of juror misconduct is properly before the Court.

It appears from the face of the petition that Petitioner has failed to give the highest court of the state a fair opportunity to rule on the above claim by failing to appeal the dismissal of his post-conviction review proceeding. *Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). As the time period has expired during which Petitioner might pursue his state court remedies, his failure to do so constitutes a procedural default. In general, a procedural default precludes this Court from considering the petition unless the petitioner meets the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The Court, however, has serious reservations about applying the cause and prejudice standard to this petition. First, a default consisting of a decision not to take an appeal at all does not fall within the holding of *Wainwright*, but instead falls within the deliberate bypass standard of *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). *See Wainwright*, 433 at 88 n. 12, 97 S.Ct. at 2507 n. 12. *See also Murray v. Carrier*, 477 U.S. 478, ——, 106 S.Ct. 2639, 91 L.Ed.2d 397, 411 (1986) (expressing no opinion as to continued viability of *Fay v. Noia* where counsel decides to take no appeal); *Grace v. Butterworth*, 635 F.2d 1, 5 n. 3 (1st Cir.1980), *cert. denied*, 452 U.S. 917, 101 S.Ct. 3053, 69 L.Ed.2d 421 (1981). Second, the petition fails to set forth an adequate factual record regarding the waiver standard under *Fay v. Noia*.

Otherwise, it appears from the petition that Petitioner has exhausted the remedies available to him in the courts of the State of Maine as required by 28 U.S.C. § 2254(b) and that he has alleged facts from which it might be determined that he is in custody in violation of the Constitution or laws or treaties of the United States as required by 28 U.S.C. § 2254(a), and sufficient cause appearing why more than three days should be allowed for the filing of an answer to the petition, it is

ORDERED as follows:

(1) That Petitioner file, on or before August 17 1987, an additional statement with the Court regarding the circumstances of his decision to forgo appeal and a memorandum of law regarding the legal significance of his decision;

(2) That Respondents file an answer to the petition for writ of *habeas corpus* within fifteen (15) days after Petitioner files the above supplemental materials, said answer to comply with Rule 5, Rules Governing Section 2254, 28 U.S.C. fol. § 2254;

(3) That Respondents also submit a reply memorandum of law regarding the issue of waiver;

(4) That copies of this Order be served by mailing same to the Respondent James Tierney, addressed to the office of the Attorney General, State House, Augusta, Maine, and to the Maine Department of Probation and Parole, and that a copy also be mailed by the Clerk to Petitioner.